IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AARON JOSEPH BROTT,<br><br>        Plaintiff,<br><br>vs.<br><br>DET. BAMBENEK, DET. CUNNINGHAM, CASCADE COUNTY'S SHERIFF'S OFFICE, and CASCADE COUNTY DETENTION CENTER,<br><br>        Defendants. | CV-20-00125-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Aaron Joseph Brott, a pretrial detainee proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Docs. 3, 5) and a proposed Complaint (Doc. 1), pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights by arresting him in violation of his Fourth Amendment rights and detaining him in conditions that violate his Eighth. The motion will be granted. The Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed. In addition, the Court should abstain to hear the case under the principles of the *Younger* doctrine.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Brott submitted his account statement (Doc. 4) in support of his Motion to Proceed in Forma Pauperis. The Court will grant the request, but since Brott is a prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. §

1

1915(b)(1). The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1), because the account statement shows an inability to pay that fee. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Brott may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Brott must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.*

By separate order, the Court will direct the facility where Brott is currently incarcerated to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING STANDARD

Brott is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

3

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. SCREENING ANALYSIS

Brott is a pretrial detainee on state criminal charges. His Complaint alleges that Detective Cunningham arrested him in a manner that violated his Fourth Amendment rights. (Doc. 1 at 5.) He alleges the same against Detective Bombanek. (Doc. 1 at 6.) He also alleges that the Cascade County Sheriff's Office and the Cascade County Detention Center are both violating his Eighth Amendment rights. *Id.*

Brott includes in his Complaint what appears to be a verbatim section of the

criminal complaint filed against him in state court, which details the background of the charges against him. (Doc. 1-1.) This document then segues into what appears to be Brott's narrative of various post-detention events, including interactions he had with his mother over the phone, further criminal charges, and then the denial of his right to access the telephone. The final document in his Complaint is a copy of an order from the Montana Eighth Judicial District County, Cascade County, suspending his phone privileges, pending hearing. (Doc. 1-1 at 5.) This order is dated April 23, 2020. Brott asserts that he has never had that hearing. Brott seeks, as his relief, an injunction from this Court "on the jail and prosecutor to stop this…[unconstitutional conduct], if not have the prosecutor release him effective immediately." (Doc. 1-1 at 4.)

Brott's Complaint fails to clear the bar set by Rule 8 and case law for two reasons.

A. Insufficiently Plausible Factual Allegations

First, his allegations against the detectives are entirely conclusive, merely stating, without factual basis, that they violated his constitutional rights. To state a claim, he needs to allege facts that show who did what. Bald conclusions of law are insufficient. He may be able to allege facts that state a claim, but he has not done so here.

Further, the Sheriff's office and the Detention Center are not persons able to be sued under 42 U.S.C. § 1983. In Montana, a detention center is defined as "a

5

facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7–32–2120. "The Detention Center is merely a building, it is not a person or legally created entity capable of being sued." *Barnes v. Yellowstone County Detention Facility*, 2008 WL 5412448 (D. Mont. 2008).

Likewise, the Sheriff's office is an entity, not a person. It can be sued under § 1983, but only in certain circumstances. "[E]ntities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quotations omitted). To impose municipal liability under the first or second situations, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotations omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). It is not sufficient to merely allege that a

policy or custom existed or that individual officers' wrongdoing conformed to a policy or custom. *See id.* at 636–68.

In the third situation, a municipality can be liable for a single act or decision so long as the person making the decision has "final policymaking authority." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Ratification of the decisions of a subordinate by an official with final decision-making authority can also be a policy for purposes of municipal liability under § 1983. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Brott's allegations are insufficient to establish entity liability under § 1983 against the Sheriff's Office under any of these approaches. He makes no reference to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker that was the moving force behind any alleged constitutional violation. As such, he has failed to state a federal constitutional claim against the entity. However, he may be attempting to allege a constitutional violation against a specific individual at the Sheriff's Office without naming him or her. If so, he would have to follow the guidance above and allege concrete facts relating to the conduct of identifiable individuals, even if he does not know their names.

B. *Younger* Abstention

The second obstacle to Brott's claims, and the more significant one, is the strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook*

8

Case 4:20-cv-00125-BMM Document 6 Filed 05/27/21 Page 9 of 13

*v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* appear to be present. First, Brott's allegations suggest there are ongoing criminal proceedings against him. State proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Finally, Brott will have an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Brott has opportunities under Montana law to address the alleged violations of his federal rights relative to his arrest and prosecution.

*Younger* principles apply and a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated." *Gilbertson*, 381 F.3d at 984. But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether Brott's constitutional rights were or are being violated would have the effect of interfering with the "state courts' ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised by Mr. Sullivan in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Brott's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Brott has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings.  If, as here, the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action.  *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

As a result of the foregoing, the Court will recommend dismissal of Brott's action. Should the state criminal proceedings not resolve his federal constitutional claims, Brott will have the opportunity to pursue those claims in the future, guided by the directions of this Order.

At all times during the pendency of this action, Brott must immediately advise the Court of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Brott's Motion to Proceed in Forma Pauperis (Docs. 3, 5) is granted.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint.  (Doc. 1).  The Complaint is deemed filed on December 29, 2020.

## RECOMMENDATIONS

1.     Plaintiff's Complaint should be dismissed without prejudice.

2.     The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.     The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Brott may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) thereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Brott being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 27th day of May, 2021.

John Johnston
United States Magistrate Judge