**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| AARON JOSEPH BROTT, | |
| Plaintiff, | CV-20-125-GF-BMM-JTJ |
| vs. | |
| DETECTIVE BAMBENEK, et al., | **ORDER** |
| Defendants. | |

Plaintiff Aaron Joseph Brott ("Brott") filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his rights by arresting him in violation of his Fourth and Eight Amendments. Doc. 1. Brott also filed a Motion for Leave to Proceed in forma pauperis. Docs. 3 & 5. The Court referred these motions to United States Magistrate Judge John Johnston. Judge Johnston issued a Findings and Recommendations. Doc. 6. Judge Johnston granted Brott's Motion to Proceed in forma pauperis. Doc. 6 at 11. Judge Johnston recommended that the Court dismiss without prejudice Brott's Complaint. *Id*. at 12.

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the

1

magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

The parties did not file any objections to Judge Johnston's Findings and Recommendations. The Court will review, therefore, Judge Johnston's Findings and Recommendations (Doc. 6) for clear error. *See Rosling*, 2014 WL 693315, at *3.

Judge Johnston correctly determined that The Cascade County Detention Center is a building, not an entity subject to liability under § 1983. Judge Johnston likewise correctly determined that Brott cannot establish entity liability under § 1983 against the Cascade County Sheriff's Office. Doc. 6 at 7 (citing *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013)).

Brott is a pretrial state detainee. Judge Johnston correctly determined that the strong policy against federal intervention in state judicial processes, under the

2

*Younger* doctrine, combats allowing Brott's Complaint to proceed against the individual Defendants. Doc. 6 at 8. Brott maintains the opportunity to pursue these claims during the course of his state criminal proceedings. Brott also maintains the opportunity to pursue these claims at a later date if the claims are not resolved during the course of his state criminal proceedings. *Id*. at 11.

## ORDER

**IT IS ORDERED** that Judge Johnston's findings and recommendations (Doc. 6) is adopted in full.

**IT IS FURTHER ORDERED** that:

1) Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

2) The Clerk of Court shall close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3) The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 21st day of June, 2021.

Brian Morris, Chief District Judge
United States District Court